Dear Mayor Broussard:
This office is in receipt of your opinion request under letter dated October 1, 1992. The request has been assigned to me for research and reply.
In your request, you raise the following issue for our review:
 "May a City Councilman individually exercise any authority concerning the day-to-day administration of the municipality?"
The City of Abbeville is governed by a special legislative charter, originally adopted as Act 103 of 1850 of the Regular Legislative Session. In your opinion request you make reference to recently released Attorney General Opinion Number 92-454, which addressed the Pineville Mayor's authority as chief municipal administrative officer. The opinion is inapplicable to the City of Abbeville because your city has not yet elected to be governed by the provisions of the Lawrason Act, LSA-R.S.33:321, et. seq. LSA-R.S. 33:321 provides, in pertinent part:
 "All municipalities shall be governed by the provisions of this Part except those municipalities governed by a special legislative charter,. . . ." (Emphasis added).
The Lawrason Act statutes do not apply to municipalities operating under a special legislative charter and the Act's provisions do not apply where the special charter is silent on a particular matter. See Attorney General Opinion Number 87-452, a copy of which is enclosed.
We therefore must look to the provisions of the Charter of Abbeville to respond to your inquiry. Section 4(d) of the Charter provides:
 "There shall also be appointed an administrative assistant, who shall assist the mayor in the performance of administrative functions for the City of Abbeville. The administrative assistant shall be appointed by the mayor, and said appointment shall be approved and ratified by the city council. The compensation of the administrative assistant shall be fixed by the city council." (Emphasis added).
Clearly, this section contemplates that the mayor is responsible for the administration of the city's day-to-day operations, except in those circumstances where the Charter specifically vests administrative powers in other municipal officers. (See Section 4(a) and 4(b) concerning the administrative powers of the chief of police and the fire chief within their respective departments.)
The City of Abbeville is allocated certain corporate powers enumerated in Section 3 of the Charter. The Charter contemplates that these powers are to be exercised by the city council as a body. No where in the Charter is an individual councilman allowed to unilaterally act on behalf of the municipality in either a legislative or administrative capacity.
Finally, it is suggested that in order to clarify any ambiguity in this area, that the City of Abbeville consider making amendments to the Charter. In the alternative, the City of Abbeville may elect to be governed by the provisions of the Lawrason Act by following the procedure found in LSA-R.S. 33:322.
Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0144E